## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

AMERICAN TRAIN
DISPATCHERS ASSOCIATION,

and

BROTHERHOOD OF
LOCOMOTIVE ENGINEERS AND
TRAINMEN, a Division of the Rail
Conference of the International
Brotherhood of Teamsters

and

BROTHERHOOD OF
MAINTENANCE OF WAY
EMPLOYES DIVISION OF THE
INTERNATIONAL BROTHERHOOD
OF TEAMSTERS

and

BROTHERHOOD OF RAILROAD
SIGNALMEN

and

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS DISTRICT LODGE 19

and

INTERNATIONAL ASSOCIATION OF
SHEET METAL, AIR, RAIL AND
TRANSPORTATION WORKERS,
MECHANICAL DIVISION

and

INTERNATIONAL ASSOCIATION OF

Case No: _____
Hon. Judge
Magistrate Judge

|  |  |
|---|---|
| SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, TRANSPORTATION DIVISION | ) ) ) |
| and | ) ) |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, SYSTEM COUNCIL 16 | ) ) ) |
| and | ) ) |
| NATIONAL CONFERENCE OF FIREMAN & OILERS DISTRICT OF LOCAL 32BJ, SEIU | ) ) ) |
| and | ) ) |
| TRANSPORTATION COMMUNICATIONS UNION/IAM | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BNSF RAILWAY COMPANY, | ) ) |
| Defendant. | ) ) |
| _____ | ) |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.　　The American Train Dispatchers Association, the Brotherhood of Locomotive Engineers and Trainmen; the Brotherhood of Maintenance of Way Employes Division/IBT; the Brotherhood of Railroad Signalmen; the International Association of Machinists and Aerospace Workers District Lodge 19; the International Association of Sheet Metal, Air, Rail and Transportation Workers, Mechanical Division; the International Association of Sheet, Metal, Air, Rail and Transportation Workers, Transportation Division; the International Brotherhood of Electrical Workers, System Council 16; National Conference of Fireman & Oilers District of Local

2

32BJ, SEIU; and the Transportation Communications Union/IAM (collectively "the Unions")
bring this action for declaratory and injunctive relief in order to prohibit the BNSF Railway
Company ("BNSF") from continuing to violate the rights of their members pursuant to the
Americans with Disabilities Act ("ADA") 42 U.S.C. § 12111 *et. seq.* Together the Plaintiff Unions
represent well-over 30,000 BNSF employees working in a wide variety of crafts and classes
including thousands in Illinois.

2.      Since at least 2012, BNSF has implemented blanket procedures which apply to
every employee represented by Plaintiffs and which violates the rights of those employees under
the Americans with Disabilities Act by impermissibly requiring employees to self-disclose
disabilities which do not impede their work, by conducting impermissible medical inquiries
without objective evidence **prior** to inquiring whether the condition will impair an employee's
ability to perform the essential job duties; by requiring employees to provide detailed medical
documentation without a business necessity and in a manner that is significantly broader and more
intrusive than necessary; and other violations. The Equal Employment Opportunity Commission
("EEOC") investigated BNSF's policy and issued a "for cause" determination. See Representative
Letter to TCU/IAM attached as Exhibit A. The Unions now bring this Action to cause BNSF to
stop this unlawful practice.

**THE PARTIES**

3.      Plaintiff, the American Train Dispatchers Association ("ATDA") is an
unincorporated labor organization which represents workers solely in the railroad industry. ATDA
represents BNSF employees in the craft or class of train dispatchers. ATDA is headquartered at
4239 West 150th Street, Cleveland, OH 44135. On March 21, 2012, the ATDA filed a charge of

3

discrimination (Charge No. 444-2012-00742) against the BNSF Railway. On April 3, 2019, the EEOC sent ATDA a Notice of Right to Sue letter.

4.      Plaintiff, the Brotherhood of Locomotive Engineers and Trainmen, a Division of the Rail Conference of the International Brotherhood of Teamsters, ("BLET") is an unincorporated labor organization which represents workers solely in the railroad industry. BLET represents BNSF employees in the craft or class of locomotive engineers. BLET is headquartered at 7061 East Pleasant Valley Road, Independence, OH 44131. On March 23, 2012, BLET filed a charge of discrimination (Charge No. 444-2012-00761) against the BNSF Railway. On April 3, 2019, the EEOC sent BLET a Notice of Right to Sue letter.

5.      Plaintiff, the Brotherhood of Maintenance of Way Employes Division/IBT ("BMWED") is an unincorporated labor organization which represents workers primarily in the railroad industry. BMWED represents BNSF employees in the craft or class of maintenance of way employe. BMWED is headquartered at 41475 Gardenbrook Road, Novi, MI 48375. On March 23, 2012, filed a charge of discrimination (Charge No. 444-2012-00765) against the BNSF Railway. On April 3, 2019, the EEOC sent BMWED a Notice of Right to Sue letter.

6.      Plaintiff, the Brotherhood Railroad Signalmen ("BRS") is an unincorporated labor organization which represents workers primarily in the railroad industry. BRS represents BNSF employees in the craft or class of signalman. BRS is headquartered at 917 Shenandoah Shores Road, Front Royal, VA 22630. On March 21, 2012, BRS filed a charge of discrimination (Charge No. 444-2012-00749) against the BNSF Railway. On April 3, 2019, the EEOC sent BRS a Notice of Right to Sue letter.

7.      Plaintiff, the International Association of Machinists and Aerospace Workers District Lodge 19 ("District Lodge 19") is an unincorporated labor organization which represents

4

workers primarily in the railroad industry. District Lodge 19 represents BNSF employees in the craft or class of machinists. District Lodge 19 is headquartered at 7010 Broadway, Suite 203 Denver, CO 80221. On March 20, 2012, District Lodge 19 filed a charge of discrimination (Charge No. 444-2012-00746) against the BNSF Railway. On April 3, 2019, the EEOC sent District Lodge 19 a Notice of Right to Sue letter.

8.      Plaintiff, the International Association of Sheet Metal, Air, Rail and Transportation Workers, Mechanical Division ("SMART-MD") is an unincorporated labor organization which represents workers solely in the railroad industry. SMART-MD represents BNSF employees in the craft or class of sheet metal workers. SMART-MD is headquartered at 1750 New York Avenue, Suite 600, Washington, DC 20006. On March 20, 2012, SMART-MD filed a charge of discrimination (Charge No. 444-2012-00729) against the BNSF Railway. On April 3, 2019, the EEOC sent SMART-MD a Notice of Right to Sue letter.

9.      Plaintiff, the International Association of Sheet Metal, Air, Rail and Transportation Workers, Transportation Division ("SMART-TD") is an unincorporated labor organization which represents workers primarily in the railroad industry. SMART-TD represents BNSF employees in the craft or class of train and engine service. SMART-TD is headquartered at 24950 Country Club Blvd., Suite 340, North Olmstead, OH 44070. On March 21, 2012, SMART-TD filed a charge of discrimination (Charge No. 444-2012-00739) against the BNSF Railway. On April 3, 2019, the EEOC sent SMART-TD a Notice of Right to Sue letter.

10.     Plaintiff, the International Brotherhood of Electrical Workers, System Council 16 ("System Council 16") is an unincorporated labor organization which represents workers solely in the railroad industry. System Council 16 represents BNSF employees in the craft or class of electrical workers. System Council 16 is headquartered at 7306 SW 34th Ave., Suite 1-371,

5

Amarillo, TX 79121. On March 23, 2012, System Council 16 filed a charge of discrimination (Charge No. 444-2012-00744) against the BNSF Railway. On April 3, 2019, the EEOC sent System Council 16 a Notice of Right to Sue letter.

11.     Plaintiff, the National Conference of Fireman & Oilers District, Local 32BJ, SEIU ("NCFO") is an unincorporated labor organization which represents workers primarily in the railroad industry. NCFO represents BNSF employees in the craft or class of shop laborers. NCFO is headquartered at 1212 Bath Avenue, Floor F&O, Ashland, KY 41101. On March 21, 2012, NCFO filed a charge of discrimination (Charge No. 444-2012-00743) against the BNSF Railway. On April 3, 2019, the EEOC sent NCFOD a Notice of Right to Sue letter.

12.     Plaintiff, the Transportation Communications Union/IAM ("TCU/IAM") is an unincorporated labor organization which represents workers primarily in the railroad industry. TCU/IAM represents BNSF employees in the craft or class of carmen and the craft or class of clerks. TCU/IAM is headquartered at 3 Research Place, Rockville MD, 20850-3279. On March 20, 2012, TCU/IAM filed a charge of discrimination (Charge No. 444-2012-00745) against the BNSF Railway. On April 3, 2019, the EEOC sent TCU/IAM a Notice of Right to Sue letter.

13.     Defendant BNSF is a carrier by rail as defined in Section 1, First of the Railway Labor Act ("RLA") 45 U.S.C. § 151, First and an employer as defined in the ADA, 42 U.S.C. § 12111. BNSF operates a rail network of over 32,000 route miles through 28 states including Illinois. BNSF is headquartered in Fort Worth, Texas and employs thousands of employees in the Chicago-vicinity.

## JURISDICTION AND VENUE

14.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as it is a civil action arising under the laws of the United States. It further has jurisdiction

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12117 (and 42 U.S.C. § 2000e-5 by reference) and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq*.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) as a substantial part of the events giving rise to this claim occurred in this District.  BNSF operates rail routes throughout the State, including in this District, has a number of facilities in the State, including several in this District, and employs thousands of employees in the State represented by Plaintiffs, the majority of whom work in this District.  BNSF has sufficient contacts with the State that it is subject to personal jurisdiction in Illinois.

## BACKGROUND

16.     On January 1, 2012, BNSF implemented Medical Rule 26.3.1.  The Rule required:

"Employees meeting any of the following criteria must be reviewed for 'fitness for duty' by the Medical and Environmental Health (MEH) Department before remaining at or returning to work.  This applies to certain medical events/procedures that occur during any category of time-off away from work.

1.  A new diagnosis of:

- Diabetes with Insulin Injection
- Bone fracture
- Heart disease or any heart surgery or procedure
- Seizure
- Stroke/TIA (transient ischemic attack)
- Sleep apnea/sleep disorder

2.  Any of the following medical events:

- Hospitalization
- Loss of consciousness
- Surgery (in-patient or out-patient)
- Severe, uncorrectable loss of hearing or vision
- Medical treatment for condition affecting equilibrium or balance
- Medically required absence greater than 30 calendar days
- Work restriction prescribed by Physician or other Medical Service Provider (MSP)
- Condition deemed necessary by MEH Department or their designee

7

Employees must submit a Medical Status Form (MSF) as well as the following clinical information (if appropriate to medical condition) by fax as listed on the form:

- Operative reports
- Applicable office notes
- Diagnostic test results
- Hospital discharge summary"

17. Included within Rule 26.3.1 was a Frequently Asked Questions section which included the following question and answer:

"**Will I be withheld from service if I experience one of these medical events?** If you are currently providing service and experience one of the medical events listed you may be withheld from service until the necessary information is received to determine your ability to safely perform the duties of your job."

18. BNSF then required employees to submit a "Medical Status Form for Non Work Related Medical Conditions," even if their physicians had cleared them for full duty without restrictions.

19. The Medical Status Form for Non Work Related Medical Conditions required employees to list all medications they were taking regardless of whether the medication related to the condition on which they were reporting.

20. The form also required employees to authorize their physicians to release to BNSF "**any** information except family medical history or genetic information that is requested with respect to this medical condition..." (emphasis added).

21. The form required employees' physicians to provide the diagnosis and ICD codes.

22. It required the physicians to disclose the employees' current physical exam findings and response to treatment, even if those findings would also provide information on other medical conditions.

8

23.     The form required the physician to attach diagnostic tests, physical therapy discharge note, lab work, operative reports, last two (2) office notes, and a hospital discharge summary.

24.     The form required the physician to provide the employee's current blood pressure and, if diabetic, the employee's Hgb A1c, even if the reason for being out did not relate to their diabetes.

25.     The form required the physician to list all medications the physician was prescribing, even if unrelated to the medical event for which an employee was out of work.

26.     An employee who did not have any information to report on the Medical Status Form for Non Work Related Medical Conditions had to fill out a "short form" which required the employee to certify that they had "not developed or experienced a medical condition that may adversely affect my ability to work safely." This form was to be provided directly to the employees' chain of management rather than to the medical department.

27.     BNSF required its employees to pay for the expenses associated with complying with its policy.

28.     After addressing the matter directly with BNSF and getting no relief, on or about March 20-23, 2012, Plaintiff Unions each filed charges with the EEOC on behalf of their respective memberships, raising the systemic violation and asking that the charges be investigated together.

29.     By notice dated April 2, 2012, BNSF advised the employees that "due to concerns expressed by some of our employees, BNSF has reviewed and decided to withdraw Employee Safety Rule 26.3.1, Medical Requirements."

9

30.    Yet, as a practical matter, all that changed was that BNSF would no longer require employees to self-disclose information about a newly diagnosed disability or potential disability only if the employee missed work for a non-medical reason such as vacation.

31.    BNSF continued to require employees who were off work on a Medical Leave of Absence to fill out a Medical Status Form for Non Work Related Medical Conditions even if their doctor released them to full duty without restrictions.

32.    Substantively, the Medical Status Form for Non Work Related Medical Conditions is virtually unchanged from the 2012 version.

33.    Employees are still expected to self-report **all** of the above-listed conditions (except minor in-office surgery).

34.    Employees still can be and are held out of service while BNSF pursues medical documentation.  Moreover, employees are still required to provide the intrusive, overly broad medical documentation listed above even if it discloses information about conditions for which they did not miss work.

35.    For example, effective April 2019, the BNSF policy on "Return to Work from Off-Duty Medical Condition" policy states:

"Employees who have been off work on a Medical Leave of Absence with a medical condition that may adversely affect their ability to work safely (such as the ones described below) must be reviewed for fitness-for-duty by the Medical and Employee Health Department (MEH) before returning to work.

.    .    .    .    .

Examples of medical conditions or events that may adversely affect an employee's ability to work safely include, but are not limited to:

- Diabetes with Insulin Injection
- Bone fracture
- Heart disease or any heart surgery or procedure
- Seizure
- Stroke/TIA (transient ischemic attack)
- Sleep apnea/sleep disorder

10

- Hospitalization
- Loss of consciousness
- Major Surgery (Major surgery usually involves *more* than a local anesthetic and is performed in a hospital or surgery center; minor surgery is usually done in a provider's office or lab)
- Significant loss or change in hearing or vision
- Medical treatment for condition affecting equilibrium or balance
- Absences greater than 30 calendar days
- Work restrictions prescribed by a physician or other Medical Service Provider (MSP)"

36.    The form also instructs employees that if they provide the following documents it "will expedite the review process:

- Diagnostic Test Results
- Physical Therapy Discharge Note or most Recent PT Note
- Lab Work
- Operative Report, if applicable
- Last 2 Most Recent Office Notes
- Hospital Discharge Summary or Emergency Room history and physical, if applicable."

This is the identical information demanded on the Medical Status Form for Non Work Related Medical Conditions since 2012.

37.    Just like in 2012, the Medical Status Form for Non Work Related Medical Conditions is still required even if the physician clears the employee to return to full duty with no restrictions.

38.    Just like in 2012, the Medical Status Form for Non Work Related Medical Conditions demands that the employees list all medications they regularly take whether or not related to the condition for which they are out of work.

39.    Just like in 2012, BNSF's Form also requires that employees authorize their physicians to release to BNSF "**any** information except family medical history or genetic information that is requested with respect to this medical condition…" (emphasis added).

11

40.     Just like in 2012, BNSF's Form still states that the physician "must" provide a diagnosis and ICD codes.

41.     Just like in 2012, BNSF's Form still demands that the physician include a copy of the "results of any diagnostic tests, physical therapy discharge note, operative report, most current office notes (post op note preferred with surgery) & hospital discharge summary to demonstrate fitness for duty."   (The only difference between this list of demanded information and that demanded in 2012 is that BNSF limits the office notes to the most recent notes rather than the last two visits and BNSF no longer demands lab work).

42.     Just like in 2012, BNSF's Form still requires the physician to also list all medications being prescribed, regardless of the condition for which they are prescribed.

43.     Just like in 2012, BNSF still demands that the physician provide the employees current blood pressure and, if the employee is diabetic, the Hgb A1c (even if the event was not related to the diabetes).

44.     Just like in 2012, an employee who does not have any information to report on the Medical Status Form for Non Work Related Medical Conditions must fill out a "short form" which requires the employee to certify that they "have not developed or experienced a medical condition that may adversely affect my ability to work safely."   This form still gets turned into the employees' managerial chain of command rather than the medical department.

45.     And, just like in 2012, BNSF still requires its employees to pay for the expenses associated with complying with its policy.

46.     By letters dated March 21, 2018, the EEOC issued a "for cause" determination as to each of the Plaintiff Unions.  Specifically, the EEOC stated that:

> "the evidence obtained during the investigation establishes reasonable cause to
> believe that Respondent's Medical Requirements Rule from January 2012 through

12

March 30, 2012, violates the ADA. Further Respondent's return to work from off-duty/non-work related medical conditions process from January 2012 through the present violates the ADA. The process is overly broad and condition/event based, resulting in unlawful medical inquiries and fitness for duty exam requirements for a class of employees without objective medical evidence of direct threat or a reasonable belief of direct threat and/or that are not job related and consistent with business necessity. Respondent has required that employees be financially responsible for medical exam requests made by Respondent for its own fitness for duty determinations in violation of the ADA. Further, the overly broad process is likely to improperly exclude employees from work during the review process."

47.     After unsuccessfully attempting to conciliate the matter, on April 3, 2019, the EEOC issued a Notice of Right to Sue to each of the Plaintiff Unions. This Complaint is filed within ninety (90) days of the Unions' receipt of their Notices of Right to Sue.

## BNSF'S VIOLATION OF THE ADA

48.     The ADA states "[a] covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job related and consistent with business necessity." 42 U.S.C. § 12112(d)(4).

49.     One purpose of the ADA is to prevent employers from discriminating against employees with real or perceived disabilities that do not actually affect job performance.

50.     Since at least 2012 through the present, BNSF systematically requires its employees to self-disclose disabilities, medical conditions, and medical events by demanding that employees provide the Medical Status Form for Non Work Related Medical Conditions and the Short form in violation of the ADA.

51.     BNSF requires that employees provide these forms even if the employee's own doctor has indicated that the employee can return to full duty without restrictions.

52.     BNSF has imposed a blanket requirement which applies even if BNSF has no objective reasonable basis to believe that the medical condition or event has impacted the employee's ability to perform their job.

53.     BNSF's procedure applies identically across the board to all categories of employees represented by the Plaintiff Unions. This is the same procedure which must be followed regardless of whether the employee is a Payroll Garnishment Specialist, an Engineer, a Conductor or Trainman, a Car Painter, a Machinist, a Timekeeper, a Welder, a Coach Cleaner, a Dispatcher, a Non-Revenue Billing Specialist, an Electrician, a Signalman, a Shop Laborer, a Sheet Metal Worker, or a Maintenance of Way employee.

54.     BNSF's Medical Status Form for Non Work Related Medical Conditions violates the ADA and is overly broad and more intrusive than necessary to serve any legitimate business necessity.

55.     BNSF's Short Form similarly violates the Act as it requires employees to certify that they have not developed or experienced a medical condition that "may" adversely affect their ability to work safe, even if they are not currently impacted by the medical condition.  Thus, employees who have developed a new medical condition but whose work is not impacted currently by their medical condition would then have to fill out the more intrusive and overly broad Medical Status Form for Non Work Related Medical Conditions.  And employees must provide this Short Form information about their medical condition to their direct chain of management.

56.     Employees who are eligible to return to full duty without restriction according to their own physicians are held out of service (without pay) while this medical review takes place.

14

57.     An employee cannot return to work until the medical documentation is supplied. Thus, employees are faced with the choice of disclosing information related to a disability in violation of their rights under the ADA or being unwillingly kept from work without pay.

58.     BNSF cannot demonstrate that the Medical Status Form for Non Work Related Medical Conditions and the Short Form inquiries, and its application of the medical conditions reporting requirement are job related or consistent with business necessity.

59.     BNSF cannot establish that this procedure is not broader or more intrusive than necessary.

60.     This Court has authority, pursuant to 29 U.S.C. § 2201(a) to declare that BNSF's return to work from off-duty/non-work related medical conditions process, including the Medical Status Form for Non Work Related Medical Conditions and the Short Form inquiries from January 2012 through the present violate the Americans with Disabilities Act.

61.     This is a case of an actual controversy because BNSF has been and continues to subject the employees of BNSF whom the Plaintiffs represent to this process.

62.     This Court further has authority, pursuant to 42 U.S.C. § 2000e-5 to enjoin BNSF from engaging in such an unlawful employment practice.

## **REQUEST FOR RELIEF**

For all of the reasons stated above, the Plaintiffs respectfully request that the Court:

1.      Issue a judgment **declaring** that BNSF's medical condition reporting requirements and their application, including its Medical Status Form for Non Work Related Medical Conditions and Short Form violate the Americans with Disabilities Act;

2.      Issue a judgment **declaring** that BNSF's practice of requiring employees to self-disclose the existence of and severity of their disabilities, even when they have been released to full duty by their own doctors, violates the Americans with Disabilities Act;

3.      Issue an Order **enjoining** BNSF from utilizing its application of its medical condition reporting requirements including, but not limited to, the Medical Status Form for Non Work Related Medical Conditions and the Short Form;

4.      Issue an Order **enjoining** BNSF from inquiring about the existence or extent of any disability of an employee without objective evidence that the inquiry is specifically related to that particular employee's job and consistent with business necessity.

5.      Issue an Order **mandating** that Defendant BNSF inform all employees of the final Order of this Court;

6.      Award the Plaintiffs their Attorneys' fees and costs

7.      Award all other relief that the Court finds just and proper.


Dated: June 28 , 2019                  Respectfully Submitted,

                                       /s/ Joel A. D'Alba
                                       Joel A. D'Alba (Illinois Bar # 571121)
                                       Ryan A. Hagerty (Illinois Bar # 6275065)
                                       Asher, Gittler & D'Alba, Ltd.
                                       200 W. Jackson Blvd., Suite 720
                                       Chicago, IL 60606
                                       (312) 263-1500 (Telephone)
                                       (312) 263-1520 (Facsimile)
                                       Email: jad@ulaw.com; rah@ulaw.com
                                       *Counsel for Plaintiff Unions*

                                       Kevin C. Brodar (Illinois Bar # 15559)
                                       General Counsel
                                       SMART-TD
                                       24950 Country Club Blvd., Suite 340

16

North Olmsted, OH 44070
Tel: (216) 228-9400
Fax: (216) 228-0937
Email: kbrodar@smart-union.org
*Counsel for SMART-TD*

Michael S. Wolly (N.D.Ill General Bar #90785827)
Zwerdling, Paul, Kahn & Wolly, P.C.
1025 Connecticut Avenue NW, Suite 712
Washington, DC 20036
Tel: (202) 857-5000
Fax: (202) 223-8417
Email: mwolly@zwerdling.com
*Counsel for ATDA, BLET, NCFO, and IBEW*

Richard Edelman (N.D.Ill. General Bar #90785615)
Mooney, Green, Saindon, Murphy and Welch PC
1920 L Street NW, Suite 400
Washington, DC 20036
Tel: (202) 783-0010
Fax: (202) 783-6088
Email: Redelman@Mooneygreen.com
*Counsel for BRS, BMWED and SMART-MD*

Elizabeth Roma (N.D.Ill. General Bar #494679)
Guerrieri, Bartos & Roma, PC
1900 M. Street, NW, Suite 700
Washington, DC 20036
Tel: (202) 624-7400
Fax: (202) 624-7420
Email: eroma@geclaw.com
*Counsel for IAM and TCU/IAM*